## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **CARRIE BRUNS,** | ) | |
| **STEPHANIE THOMPSON,** | ) | |
| **GWENDOLYN WILLIAMS,** | ) | |
| **and others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **FILE NO. 1:11-cv-03548-AT** |
| **POSITIVE CARE PERSONAL** | ) | |
| **CARE HOMES, INC.,** | ) | |
| **a Georgia corporation,** | ) | |
| **MARY L. WILLIAMS, and** | ) | |
| **REUBEN L. ADAMS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| _____ | ) | |

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT'S ORDER SANCTIONING PLAINTIFFS' COUNSEL

Pursuant to LR 7.2(E), NDGa., Plaintiffs Carrie Bruns, Stephanie Thompson, and Gwendolyn Williams ("Plaintiffs") through counsel request that the Court reconsider its order sanctioning the undersigned firm. In support of this motion, Elizabeth Ann Morgan provides a declaration under 28 U.S.C. § 1746, a copy of which is attached hereto as Exhibit A (hereafter "Morgan Decl.").

While motions for reconsideration "shall not be filed as a matter of routine practice," LR 7.2(E), NDGa., the circumstances of this case and the authority cited herein warrant the instant motion.

When district courts initiate sanctions, the Eleventh Circuit has directed that they must employ a higher standard than when a party initiates a motion for sanctions. *See Kaplan v. DaimlerChrysler, A.G.*, 331 F.3d 1251, 1255 (11th Cir. 2003) ("The initiating court must employ (1) a 'show-cause' order to provide notice and an opportunity to be heard; and (2) a higher standard ('akin to contempt') than in the case of party-initiated sanctions.").

Because of this higher standard, the Eleventh Circuit has found that "[s]ua sponte Rule 11 sanctions, then, must be reviewed with 'particular stringency.'" *Id.* (citing *In re Pennie & Edmonds LLP*, 323 F.3d 86, 90 (2d Cir. 2003); *MHC Inv. Co. v. Racom Corp.*, 323 F.3d 620, 623 (8th Cir. 2003); *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002); *United Nat'l Ins. Co. v. R & D Latex Corp.*, 242 F.3d 1102, 1115 (9th Cir. 2001)).

Applying this standard to the case at bar, Plaintiffs request reconsideration of the order sanctioning Plaintiffs' counsel, ECF No. 47. The failure to withdraw the request for entry of a clerk's default—which Plaintiffs' counsel filed without knowledge that Defendant Reuben Adams had filed an answer—does not support

2

the sanctions order. In *Kaplan,* the Eleventh Circuit found that while defense counsel's late filings

> [n]o doubt . . . irritated and inconvenienced both the court and plaintiffs' counsel . . . seven were moot and thus consumed an inconsequential amount of the court's time, while the remainder could have simply been denied as untimely, if not carried with the case and decided via contemporaneous objection at trial. DC's actions were abusive, but not "over the top," much less akin to contempt.

*Kaplan*, 331 F.3d at 1256.

The actions of Plaintiffs' counsel in this case were not intended to treat the Court's time lightly or to inconvenience the Court, much less to be contemptuous of it. Even the declaration of defense counsel Logan B. Winkles does not identify any level of contempt by Plaintiffs' counsel for the Court or its time and energy.

At the time that Plaintiffs' counsel filed the request for a clerk's default, at 2:53 p.m. on December 20, 2011, Plaintiffs' counsel did not have notice of the answer filed by Defendant Reuben Adams. The Court recognizes this fact in its Order when it notes that "the Docket Clerk entered the Answer on December 20, 2011, at 4:31 p.m., [reflecting] the Answer as being timely filed by Defendant Adams on December 19, 2011."

Nevertheless, the Court sanctioned Plaintiffs' counsel on the grounds that the request for entry of a clerk's default should have been withdrawn:

The Court finds that Plaintiffs' counsel's failure to withdraw the motion for default as moot was not reasonably justified in light of the evidence in the record. Plaintiffs' counsel violated Fed. R. Civ. P. 11(b) by effectively continuing to pursue default against Defendant Adams after learning that the motion had no merit. The obligations imposed by Rule 11 continue throughout the course of the litigation and sanctions are warranted when a litigant continues to press a claim after learning that it ceases to have merit. *See* Fed. R. Civ. P. 11, advisory committee's notes. By continuing to maintain that the motion for default was proper until notified otherwise by the Court, Plaintiffs' counsel exhibited a "deliberate indifference to obvious facts" which justifies Rule 11 sanctions.

Order, ECF No. 47 (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1294 (11th Cir. 2002)).

However, in *Riccard* the district court specifically found that at the time of filing the motion that was the subject of the sanction, counsel was aware that the facts in the case did not support the motion. *See Riccard*, 307 F.3d at 1293 (holding that the "motion was baseless and filed in bad faith because Riccard and Rasch lacked a reasonable factual basis for the motion" when, prior to filing the motion, they had received information from opposing counsel that demonstrated the motion did not have factual support).

The Eleventh Circuit has held that Rule 11 does not impose a continuing duty to correct or withdraw an earlier pleading, motion, or other paper when such a paper was reasonable at the time of filing. "We agree with the reasoning of the unanimous in banc Fifth Circuit; Rule 11 did not impose a continuing obligation on

4

the [plaintiff] to amend its complaint, at least if the complaint was reasonably interposed in the first place." *Corp. of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints v. Associated Contractors, Inc.*, 877 F.2d 938, 943 (11th Cir. 1989).

More recently, in *Peer v. Lewis*, 606 F.3d 1306, 1311 (11th Cir. 2010), the court discussed the 1993 commentary to the Federal Rules of Civil Procedure, which states that "if evidentiary support is not obtained after a reasonable opportunity for further investigation or discovery, the party has a duty under the rule not to persist with that contention." Fed. R. Civ. P. 11, advisory committee note 6 of 1993. The appeals court noted that despite this language, "[t]he court is expected to avoid using the wisdom of hindsight and should test the signer's conduct by inquiring what was reasonable to believe at the time the pleading, motion, or other paper was submitted." *Peer*, 606 F.3d at 1311; Fed. R. Civ. P. 11, advisory committee note of 1983; *see also Jones v. Int'l Riding Helmets*, 49 F.3d 692, 695 (11th Cir. 1995) (stating that the "prohibition against using hindsight to determine whether a pleading had a reasonable basis when filed is intended to protect parties who file pleadings which appear well-grounded when filed, but which discovery or subsequent investigation reveals to be meritless").

Plaintiffs' counsel has found no authority other than this Court's Order for the proposition that Plaintiffs were required to withdraw the request for entry of a clerk's default when they learned that their request had crossed in the clerk's office with the answer filed by Defendant Adams.

In fact, only[1] where a plaintiff's counsel pursued a default judgment after having personally received a copy of the answer was a Rule 11 sanction entered, and then overturned on the basis of lack of notice. *See Gordon v. Unifund CCR Partners,* 345 F.3d 1028, 1028-29 (2003) (discussing that plaintiff's counsel had filed a motion for default despite having received the answer prior to filing and having engaged in correspondence with the defendant in which the defendant demanded the motion be withdrawn, but reversing sanctions on procedural grounds because counsel had not been given the safe harbor period).

In contrast, in this case, the correspondence and conversation cited by defense counsel Winkles in his declaration occurred before either Ms. McKinley or the undersigned learned that Defendant Reuben Adams had timely filed an answer. Neither Mr. Winkles nor Mr. Adams supplied a copy of the answer to Plaintiffs'

---

[1] *Cf. Girard L. McEntee Ins. Agency, Inc. v. Valley Nat. Bank*, No. 105-CV-1952-GET, 2006 WL 1097839, at *5 (N.D. Ga. Apr. 21, 2006) ("Because the court finds that sanctions are appropriate based on the filing of the complaint in federal court, it need not consider whether sanctions would also be appropriate based on plaintiffs' motion for default judgment.").

counsel prior to the filing of the request for a clerk's default. It is not in dispute that at the time the request for default was filed, Plaintiffs' attorneys were unaware that Defendant Adams had filed his answer.

After receipt of Mr. Winkles's response in opposition to the request for default, Plaintiffs' counsel decided not to reply. Morgan Decl. ¶¶ 6, 10. No Defendant was in jeopardy because no clerk's default had been entered. Nor would one have been entered. Plaintiffs' counsel believed the request was moot since it crossed with the Answer in the clerk's office. *See id.* ¶¶ 7, 11-12.

> In logical sequence, a timely motion to set aside a clerk's mere **entry** of default must be ruled upon and **denied** before any motion for a motion for final default judgment can be addressed, much less **granted.** Unless and until the motion to set aside the entry of default is denied, a motion for final default judgment is just hanging around.

*Blau v. Bill Heard Chevrolet Corp.-Orlando*, 422 B.R. 293, 302 (N.D. Ala. 2009) (emphasis in original).

In other cases, this firm has not withdrawn a request for clerk's default where the defendant answered or moved to have the default set aside. *See* Morgan Decl. ¶¶ 12-13. Further, as a matter of professionalism, on two recent occasions, after seeking a clerk's default, the undersigned called counsel for the governmental defendants to alert them to the default as counsel was aware that the matter would be contested. *See id.*

And finally, Plaintiffs request that the sanctions order be reconsidered because the Court did not take into account the experience and reputation of Plaintiff's counsel. *See Soo San Choi v. D'Appolonia*, 252 F.R.D. 266, 267 (2008) (stating that "the court's administration of Rule 11 is to be guided by equitable considerations" and that "[m]itigating factors also are to be taken into account such as 1) the attorney's history of filing frivolous actions or alternatively, his or her good reputation" (internal citation omitted)); *Sussman v. Salem, Saxon & Nielsen, P.A.*, 150 F.R.D. 209, 217 (M.D. Fla. 1993) ("Lastly, the court may consider the offending party's history, experience, and ability, the severity of the violation, the degree of malice or bad faith which contributed to the violation, the risk of chilling litigation, and additional factors appropriate to individual circumstances.").

Morgan is AV-rated by Martindale-Hubble and served on the Florida Bar's Standing Committee on Professionalism from 1993 to 2002. Morgan Decl. ¶¶ 2-3. She is a master in the Bleckley Inn of Court. *Id.* ¶ 2. She has practiced in district courts across the country and has never previously been the subject of a sanctions order. *See id.* ¶¶ 1, 5. Neither have Morgan's associates ever been the subject of a sanctions order.

For the foregoing reasons, Plaintiffs request reconsideration of the sanctions order.

This 15th day of June 2012.

Respectfully submitted,

s/Elizabeth Ann Morgan
Elizabeth Ann Morgan
Georgia Bar No. 522206
Candice D. McKinley
Georgia Bar No. 253892
THE MORGAN LAW FIRM P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
TEL: 404-496-5430
morgan@morganlawpc.com
mckinley@morganlawpc.com
*Counsel for the Plaintiffs*

## LR 7.1(D) CERTIFICATION

The foregoing has been prepared with Times New Roman, 14-point font.

s/Elizabeth Ann Morgan
Elizabeth Ann Morgan
Georgia Bar No. 522206
Candice D. McKinley
Georgia Bar No. 253892
The Morgan Law Firm P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
Tel: 404-496-5430
morgan@morganlawpc.com
mckinley@morganlawpc.com
*Counsel for the Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | | |
|---|---|---|
| **CARRIE BRUNS,** | ) | |
| **STEPHANIE THOMPSON,** | ) | |
| **GWENDOLYN WILLIAMS,** | ) | |
| **and others similarly situated,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **CIVIL ACTION** |
| **v.** | ) | |
| | ) | **FILE NO. 1:11-cv-03548-AT** |
| **POSITIVE CARE PERSONAL** | ) | |
| **CARE HOMES, INC.,** | ) | |
| **a Georgia corporation,** | ) | |
| **MARY L. WILLIAMS, and** | ) | |
| **REUBEN L. ADAMS,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2012, I filed the **PLAINTIFFS' MOTION**

**FOR REQUEST FOR RECONSIDERATION OF COURT'S ORDER**

**SANCTIONING PLAINTIFFS COUNSEL** with the Clerk of Court using the

CM/ECF system which will automatically send e-mail notification of such filing to

the following attorney of record:

Logan B. Winkles
Cannon, Mihill, & Winkles, LLC
1355 Peachtree Street, Suite 1570
Atlanta, GA 30303
404-581-6063 (tel)
lwinkles@cmw-law.com

I hereby certify that on June 15, 2012, I mailed by U.S. Postal Service the

document to the following non-CM/ECF participants:

Reuben L. Adams
3517 Crag Mews
Woodbridge, Virginia 22193

s/Elizabeth Ann Morgan
Elizabeth Ann Morgan
Georgia Bar No. 522206
Candice D. McKinley
Georgia Bar No. 253892
THE MORGAN LAW FIRM P.C.
260 Peachtree Street
Suite 1601
Atlanta, Georgia 30303
TEL: 404-496-5430
morgan@morganlawpc.com
mckinley@morganlawpc.com
*Counsel for the Plaintiffs*